# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**LAFAWN BOBBITT,**

      Petitioner,

v.                                        **CIVIL ACTION NO. 5:19-CV-30**
                                              **(BAILEY)**

**F. ENTZEL, Warden**,

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James P. Mazzone [Doc. 29]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on April 7, 2020, wherein he recommends the § 2241 petition be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

1

review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b).  The docket reflects service was accepted on April 14, 2020 [Doc. 12].  Petitioner timely filed objections on May 5, 2020 [Doc. 31].  Accordingly, the portions of the R&R to which petitioner objected will be reviewed *de novo*; the remaining portions will be reviewed for clear error.

## Factual and Procedural History

The R&R lays out the factual and procedural history in this matter in detail; accordingly, this Court will not repeat the same here.  The respondent argues that the petitioner concedes that he was 19 years old when he robbed a bank, killing one person and wounding others and mistakenly relies on cases and purported scientific observations related to juvenile offenders.  The petitioner maintains the his life without parole sentence must be vacated because of his age at the time he committed the crimes. [Doc. 1-3].  Relying on ***Sessions v. Dimaya***, 138 S.Ct. 1204 (2018), the petitioner contends that his convictions under 18 U.S.C. §§ 924(j)(1) and 924(c)(1) must be vacated.  Respondent counters that the petitioner has not met his burden to prove that there has been a change of law that relates to the offenses for which he was convicted.  Additionally, respondent maintains that petitioner's reliance on ***Sessions v. Dimaya*** and ***United States v. Davis*** is also misplaced because those cases are wholly unrelated to the offenses for which he was prosecuted.

## **Legal Standard for 12(b)(6) Motion to Dismiss**

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 570 (2007); see also **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008) (applying the **Twombly** standard and emphasizing the necessity of *plausibility*).  When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff.  **Edwards v. City of Goldsboro**, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice.  **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995), *vacated on other grounds*, 517 U.S. 1206 (1996).  In **Twombly**, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id*. at 555, upheld the dismissal of a Complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible."  *Id*. at 570.  Although courts are to liberally construe *pro se* pleadings, *pro se* pleadings are not exempt from "**Twombly's** requirement that a pleading contain more than labels and conclusions."  **Giarratano**, 521 F.3d at 304 n.5.

## § 2255 Savings Clause

Petitioner Bobbitt has previously filed a § 2255, which was denied. Bobbitt now brings an action under § 2241 challenging the validity of his sentence. Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. ***Rice v. Rivera***, 617 F.3d 802, 807 (4th Cir. 2000); ***In re Vial***. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. Id. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law' has been "made retroactive to cases on collateral review by the Supreme Court." Id.

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241

include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." *Anderson v. Pettiford*, 2007 WL 1577673 (D.S.C. May 31, 2007) (Currie, J.), *affirmed*, 241 Fed.Appx. 934 (4th Cir. 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. *In re Vial*, 115 F.3d at 1194, n.5; *In re Jones*, 226 F.328, 333 (4th Cir. 2000). However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. *Id*.

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, a petitioner asserting "actual innocence" may establish "that §2255 is inadequate or ineffective to test the legality of a conviction" if he can prove:

(1)   at the time of conviction, settled law of this circuit or of the Supreme Court established the legality of the conviction;

(2)   subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; **and**

(3)   the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones* at 333-34 (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting *Brown v. Caraway*, 719 F.3d 583, 588 (7th Cir. 2013)). In *Wheeler*, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and *Jones* is applicable to fundamental sentencing errors, as well as undermined convictions." *Id*. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

(2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;

(3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and**

(4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, *supra*, at 429 (emphasis added).

The Fourth Circuit further specified that a change of the substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in **Wheeler**.  **Id**.

### Petitioner's Objections

Petitioner Bobbitt raises two objections to the R&R.  First, he asserts that the Magistrate Judge "mistakenly applied the second **Wheeler** prong, requiring the change in law to have been deemed to apply retroactively, to the **Jones** savings clause when evaluating petitioner's challenge to his § 922(n) conviction.  This obvious mistake in the R&R is the reason behind the recommendation to dismiss petitioner's challenge.  Under the correct **Jones** savings clause, petitioner's challenge to his § 922(n) conviction based on the Supreme Court's **Rehaif** decision satisfies all three prongs." [Doc. 31 at 1].

Petitioner states that the first prong is not disputed insofar as at the time of his conviction, the settled law of this Circuit established the legality of his conviction.  However, petitioner agues that, "subsequent to his appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal" based on the Supreme Court's **Rehaif** decision. [Id. at 2].  Based on this, petitioner argues he satisfies the **Jones** test because "it's clear **Rehaif** does not have to be retroactive to pass the **Jones** savings clause; therefore, petitioner's challenge to his § 922(n) conviction based on **Rehaif** satisfies all three prongs of the correct **Jones** standard . . .." [Id.].

In his second objection, petitioner asserts that the recommendation to deny and dismiss his challenge to life without parole sentence based on the constitutional protections

7

by the Supreme Court in *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), based on the opinion that at 19 [years old] petitioner was not a juvenile at the time of the crime despite the testimony of an expert witness, provided through the transcripts of his testimony at a hearing in which he provided the bases that establish that 19 year-olds are in fact juvenile adolescents, and the fact that at sentencing, the petitioner received a two-point enhancement for being on juvenile probation at the time the crime was committed.  Thus, petitioner asserts that (1) the new rule in *Montgomery* only applies to juveniles under the age of 18, and (2) the juvenile adolescent age group only consists of those under the age 18.  [Id. at 3].

As previously noted, the petitioner is serving a life without mercy sentence, which was imposed for a crime that he committed when he was 19 years, 10 months and 19 days old.  The petitioner alleges that this sentence is unconstitutional and relies on a series of decisions issued by the United States Supreme Court dealing with adolescent offenders.  However, as correctly argued by the respondent the petitioner fails to establish that he meets the second prong of the *Wheeler* test.

According to *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), and *Miller v. Alabama*, 567 U.S. 460 (2012), sentencing a juvenile to life-without-parole violates the Eighth Amendment "for all but 'the rare juvenile offender whose crime reflects irreparable corruption.'" *Montgomery*, 136 S.Ct. at 734 (quoting *Miller*, 567 U.S. at 470-80).  When a juvenile faces a potential life-without-parole sentence, "[a] hearing where 'youth and its attendant characteristics' are considered as sentencing factors is necessary to juveniles who may be sentenced to life-without parole from those who may not. *Id*. at 735 (quoting

*Miller*, 567 U.S. at 465).

In the instant case, the petitioner was not an adolescent when he committed the crime for which he is serving a life-without-parole sentence. Therefore, the decisions from the United States Supreme Court do not apply to him and do not establish a change in settled substantive law which would call into question the legality of his sentence. The petitioner has cited to a recent decision issued by a district court that concluded that *Miller* applies to 18-year-olds. *See Cruz v. United States*, 2018 WL 1541898 (D. Conn. 2018). However, that decision is pending appeal in the Second Circuit. More importantly, it is not binding precedent on this Court, nor the petitioner's conviction in the Eastern District of Virginia, which are both in the Fourth Circuit.

The petitioner also alleges that his convictions under § 924 must be vacated considering *Dimaya* and *Davis*. In *Dimaya*, the Supreme Court held that the Immigration and Nationality Act's ("INA") definition of "aggravated felony" was impermissibly vague. *See Sessions v. Dimaya*, 138 S.Ct. 1204, 1228 (2018). However, *Dimaya* has no bearing on the petitioner's convictions. In that case, the Supreme Court compared the INA's language with that language of the ACCA's "residual clause," which was held unconstitutionally vague in *Johnson v. United States*, 135 S.Ct. 2551 (2015). *See id.* Following *Dimaya*, the Fourth Circuit determined that because the "residual clause" in 18 U.S.C. § 16(b) was nearly identical to the residual clause in 18 U.S.C. § 924(c)(3)(B), that the residual clause in § 924(c)(3)(B) was also unconstitutionally vague. *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019). Thereafter, in *United States v. Davis*, the Supreme Court directly addressed the residual clause in 18 U.S.C. § 924(c)(3)(B) and

found the same was unconstitutionally vague.  139 S.Ct. 2319, 2336 (2019).

§ 924(c) criminalizes carrying or using a firearm in furtherance of a crime of violence. 18 U.S.C. § 924(c)(1)(A).  Under § 924(c), a crime of violence is defined as "an offense that is a felony" and

> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3)(A)-(B).  § 924(c)(3)(A) is often referred to as the "elements clause" and § 924(c)(3)(B) as the "residual clause."

Considering **Davis**, the petitioner's conviction under § 924(c) is valid only if his underlying conviction for bank robbery in violation of 18 U.S.C. §§ 2113(a), (d) and (e) qualifies under the elements clause of § 924(c)(3)(A).  See 139 S.Ct. at 2336.  Clearly it does.  Under Fourth Circuit precedent, armed bank robbery convictions constitute a "crime of violence" under § 924(c)(3)(A).  See **United States v. McNeal**, 818 F.3d 141, 151 (4th Cir. 2016).

Finally, in his supplemental brief filed on September 9. 2019, the petitioner argues that the decision in **Rehaif v. United States**, 139 S.Ct. 2191 (2019), invalidates his conviction under 18 U.S.C. § 924(n) (receipt of a firearm while under indictment).  In **Rehaif**, the Supreme Court held that, in a prosecution under § 922(g) and § 924(a)(1), the Government must prove both that the defendant knew he possessed a firearm and that he

knew he belonged to the relevant category of persons barred from possessing a firearm. 130 S.Ct. at 2195.

The petitioner in **Rehaif** was an alien who entered the country on a non-immigrant student visa to attend university. He received poor grades and the university dismissed him. The university told the petitioner that his "immigration status" would be terminated unless he transferred to a different university or left the country. *Id*. at 2194. After the Government learned of the petitioner's visit to a firing range, where he shot two firearms, the petitioner was prosecuted for possessing firearms as an alien unlawfully in the United States in violation of § 922(g) and § 924(a)(2). The case went to trial. The judge instructed the jury, over the petitioner's objection, that the "United States is not required to prove" that the petitioner "knew he was illegally or unlawfully in the United States." *Id*. at 2194. The jury found the petitioner guilty and he was sentenced to 18 months' imprisonment. *Id*. At issue before the Supreme Court was whether the Government must prove that a defendant knows of his status as a person barred from possessing a firearm, which in that case was the petitioner's status as an illegal alien. *Id*. at 2195. The Supreme Court held that, in possession under § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. *Id*.

In the instant case, the petitioner was not charged with a violation of 18 U.S.C. § 922(g). Rather, he was charged and convicted of violating 18 U.S.C. § 922(n) which provides that:

It shall be unlawful for any person who is under indictment for a crime

11

punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

However, even if *Rehaif* were applicable to § 922(n), to date, *Rehaif* has not been held to be retroactive on collateral review.  See *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (recognizing that *Rehaif* has not been recognized as retroactive on collateral review.).  Therefore, the petitioner again fails to meet the saving clause of *In re Jones* and is challenge to his conviction under § 922(n) fails.

Because the petitioner attacks the validity of his conviction under 18 U.S.C. §§ 924(c) and 922(n) as well as his life sentence and fails to establish that he meets either the *Jones* or *Wheeler* requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241.  Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the Court must dismiss the unauthorized habeas motion for lack of jurisdiction.  *Rice*, 617 F.3d at 807.

## Conclusion

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 29]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  Petitioner's Motion to Exceed Page Limitation **[Doc. 32]** is **GRANTED**.  The respondent's Motion to Dismiss **[Doc. 22]** is **GRANTED** and the Petitioner's Objections **[Doc. 31]** are **OVERRULED**.  Accordingly, the petitioner's § 2241 petition **[Doc. 1]** is **DENIED** and **DISMISSED WITHOUT**

**PREJUDICE**.  The Clerk is **DIRECTED** to **STRIKE** this case from the active docket of this Court and to enter judgment in favor of the respondent.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** May 7, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE